

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

**NO. WR-89,538-01**

**EX PARTE JOSEPH COLONE, Applicant**

**ON APPLICATION FOR WRIT OF HABEAS CORPUS
IN CAUSE NO. 10-10213-A
IN THE 252ND DISTRICT COURT
JEFFERSON COUNTY**

*Per curiam.* YEARY and SLAUGHTER, JJ., dissented.

**O P I N I O N**

We have before us a postconviction application for a writ of habeas corpus filed

pursuant to Texas Code of Criminal Procedure Article 11.071.[1]

In May 2017, a jury convicted Applicant of capital murder, murder of more than

one person during the same criminal transaction. TEX. PENAL CODE § 19.03(a)(7)(A).

The jury answered the special issues submitted pursuant to Article 37.071 and the trial

court, accordingly, set punishment at death. This Court affirmed Applicant's conviction

---

[1] Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal Procedure.

and sentence on direct appeal. *Colone v. State*, 573 S.W.3d 249 (Tex. Crim. App. 2019). As we noted in our opinion on direct appeal, the State's case against Applicant included evidence that police investigators found a "dark knit glove" and a "blue towel" at the crime scene. *Id.* at 253. DNA analysis by the DPS Crime Laboratory showed that Applicant "could not be excluded as a contributor to DNA found on the glove and blue towel." *Id.* at 253–54.

In June 2019, Applicant filed his initial postconviction application for a writ of habeas corpus under Article 11.071. Among many other claims, Applicant claimed that the State suppressed material evidence showing that the DPS Crime Laboratory had mishandled the glove and towel prior to their being subjected to DNA testing. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that the suppression of material defense-favorable evidence by the prosecution, even if unintentional, violates due process). He also claimed that, whether knowingly or unknowingly, one of the DPS analysts who testified at trial gave the jury a false impression when he suggested that there was nothing "awry" with the manner in which DPS handled the glove and towel. *See Ex parte Chabot*, 300 S.W.3d 768, 770–71 (Tex. Crim. App. 2009) (holding that due process is violated when the State knowingly or unknowingly uses materially false testimony to obtain a conviction).

Applicant and the State deposed various witnesses and offered the habeas court numerous exhibits in an effort to develop the facts necessary to resolve Applicant's *Brady*

and *Chabot* claims. In March 2021, the parties jointly submitted agreed findings of fact and conclusions of law that, if adopted, would counsel in favor of relief on Applicant's *Brady* and *Chabot* claims. In July 2021, the habeas court adopted the parties' agreed findings of fact and conclusions of law. The habeas court forwarded those findings and conclusions to this Court in August 2021, duly recommending that this Court grant Applicant relief on the basis of his *Brady* and *Chabot* claims.[2]

Deferring where appropriate to the habeas court's findings of historical fact and credibility determinations, and based upon this Court's own independent review of the record, we agree with the habeas court that relief is warranted in this case. Therefore, relief is granted. *Brady*, 373 U.S. at 87; *Chabot*, 300 S.W.3d at 770–71. The judgment of conviction in Case No. 10-10213 in the 252nd District Court of Jefferson County, Texas, is set aside. Applicant is remanded to the custody of the Sheriff of Jefferson County to answer the charges as set out in the indictment.

Delivered: March 2, 2022

---

[2] In *Ex parte Roark*, No. WR-56,380-03, __ S.W.3d __, (Tex. Crim. App. Sept. 15, 2021), we said that "[g]enerally, all of an applicant's claims should be fully developed and ready to be resolved" when a habeas record is transmitted to this Court. Slip op. at 2. However, our use of the word "[g]enerally" shows that this rule is not inflexible. The record in *Roark* was inadequate to resolve the issues that that case presented. That is not the situation here. In the interests of justice and judicial economy, we retain the discretion to dispose of habeas claims requiring no further fact development, even if the habeas application presents additional claims that would require further fact development were the case to go forward. Because our review of the record in this case satisfies us that Applicant's *Brady* and *Chabot* claims are meritorious and would not benefit from further fact development, we exercise our discretion to adopt the habeas court's recommendation and grant relief.

Published